IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

WENDELL K. ASH,

       **Plaintiff,**

**v.**                              **CIVIL ACTION NO: 5:04-0069**

THOMAS MCBRIDE, Warden, *et al.*,

       **Defendants.**

## MEMORANDUM OPINION

Pursuant to the court's order of March 31, 2005, in which the court overruled plaintiff's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation ("Findings and Recommendation" or F & R"), confirmed and accepted the Findings and Recommendation, and indicated that an explanatory memorandum opinion would follow, the court now issues its memorandum opinion.

## I.  Plaintiff's Objections

Plaintiff first objects on the grounds that Magistrate Judge VanDervort's Findings and Recommendation, in plaintiff's opinion, appears to suggest that prison officials "should always be trusted in such matters pertaining to events and misconduct, that take place behind prison doors."  (Objections, Doc. No. 43, p. 2.)  Plaintiff's objection on this point goes on to discuss the events at Iraq's Abu Graib prison.  Because plaintiff's first objection raises no issues bearing on the magistrate judge's legal conclusions requiring review by this court, the court need

not conduct a *de novo* review with regard to plaintiff's first objection.

Plaintiff's second objection contests the magistrate judge's conclusion that plaintiff failed to exhaust his administrative remedies on the grounds that the magistrate judge failed to take into consideration West Virginia Senate Bill #109, which plaintiff describes as "clearly and concisely stat[ing] a prisoner need not exhaust his administrative remedies when his immediate well being is in danger."  (Objections, Doc. No. 43, p. 2.)  Because plaintiff's only basis for contesting the magistrate judge's conclusions with regard to exhaustion of administrative remedies is a piece of non-binding, proposed state legislation, the court overrules plaintiff's objection on this point.

Plaintiff's final objection contests the magistrate judge's denial of plaintiff's motion to bar the West Virginia Attorney General's Office from representing the defendants in this matter. Because this motion was not addressed in the magistrate judge's Findings and Recommendation, it is not relevant to the court's review of the same, and plaintiff's objection on this point is likewise overruled.

## II.  Conclusion

For the reasons set forth above, the plaintiff's objections are OVERRULED.  As previously stated, the court (1) CONFIRMS and

ACCEPTS the magistrate judge's findings, (2) GRANTS the state

defendants' motion to dismiss, (3) GRANTS defendant Dr.

Williamson's motion to dismiss, (4) DENIES as moot Dr.

Williamson's motion for summary judgment, (5) DENIES plaintiff's

motion for entry of default as to Larry Williamson, and

(6) DISMISSES this case without prejudice.

The Clerk is directed to forward a copy of this written

memorandum opinion to the plaintiff, *pro se*, and to all counsel

of record.

It is SO ORDERED this 26th day of October, 2005.

ENTER:

David A. Faber
Chief Judge